UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIFFANY J. ACEVEDO,

    Plaintiff,

v.

NATHAN DANIEL, LLC
and NATHAN A. DANIEL,

    Defendants.
_____/

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Tiffany J. Acevedo ("Plaintiff"), sues Defendants, Nathan Daniel, LLC ("Corporate Defendant") and Nathan A. Daniel ("Defendant Daniel"), and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages under the Trafficking Victims Protection Act, 18 U.S.C. §§ 1591 and 1595.

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the claim arises under federal law, and supplemental jurisdiction under 28 U.S.C. § 1367 for related state-law claims, if any are asserted.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the acts complained of occurred in Hillsborough County, Florida, which is within the Middle District of Florida.

## PARTIES

4. Plaintiff is a resident of Florida and, at all relevant times, was employed by Defendant as an administrator.

5. Defendant Nathan A. Daniel is an individual residing in Hillsborough County, Florida, and the owner and General Manager of the Corporate Defendant at its business facility at 1212 East Whiting Street, Tampa, Florida 33602.

6. The Corporate Defendant is a Florida business entity operating as a Medicare contractor.

## FACTUAL ALLEGATIONS

7. Nathan Daniel owns and controls Nathan Daniel LLC.

8. Nathan Daniel LLC sells Medicare supplemental insurance and Medicare Advantage plans.

9. In March 2019, Nathan Daniel hires Tiffany Acevedo as an administrator.

10. Ms. Acevedo performs administrative work for the business.

11. While employing Ms. Acevedo, Nathan Daniel talks to her about his personal life.

12. Nathan Daniel tells Ms. Acevedo he is not married.

13. Nathan Daniel tells Ms. Acevedo it is cheaper for him to travel to other countries to obtain women.

14. Nathan Daniel specifically mentions the Philippines and other foreign countries.

15. On April 17, 2025, Nathan Daniel instructs Ms. Acevedo to come into the office to help with corporate taxes.

16. Ms. Acevedo arrives at the office.

17. At approximately 2:30 p.m., Ms. Acevedo tells Nathan Daniel she must leave to pick up her children from daycare in Plant City.

18. Nathan Daniel shifts the conversation to money.

19. Nathan Daniel asks Ms. Acevedo about her family finances.

20. Nathan Daniel asks whether she needs money.

21. Ms. Acevedo explains her husband works in a warehouse.

22. Ms. Acevedo explains her husband is pursuing a CDL license to earn more income.

23. Nathan Daniel responds by offering money for sex with Ms. Acevedo.

24. Nathan Daniel says "If you have sex with me, I will pay you more money."

25. Ms. Acevedo immediately refuses.

26. Ms. Acevedo tells Nathan Daniel she is married.

27. Nathan Daniel continues to offer increased pay in return for Ms. Acevedo having sex with him.

28. Nathan Daniel tells Ms. Acevedo her husband will never know.

29. Nathan Daniel tells Ms. Acevedo the sex can be kept secret.

30. Ms. Acevedo begins shaking.

31. Ms. Acevedo attempts to leave the office.

32. Ms. Acevedo leaves the workplace.

33. Ms. Acevedo never returns to her job.

34. After the incident, messages are sent that confirm the sexual offer and context.

35. Nathan Daniel uses his position as employer to offer money in exchange for sex.

36. Nathan Daniel exploits Ms. Acevedo's financial circumstances and family responsibilities.

## COUNT I
## VIOLATION OF TRAFFICKING VICTIMS' PROTECTION ACT
## (18 U.S.C. §§ 1591 & 1595) Sex Trafficking by Means of Coercion and Attempt

37. Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

38. The TVPA prohibits knowingly recruiting, enticing, harboring, transporting, providing, obtaining, or soliciting a person for a commercial sex act by means of force, threats of force, fraud, or coercion, or by any combination of such means, in or affecting interstate commerce.

39. "Commercial sex act" means any sex act for which anything of value is given or received by any person (18 U.S.C. § 1591(e)(3)).

40. Daniel knowingly attempted to obtain Plaintiff for commercial sex acts by offering sums of cash, implying continued employment or job benefits, and abusing his position of power over her employment.

41. Daniel's conduct occurred while operating a commercial enterprise engaged in interstate commerce.

42. Plaintiff refused Daniel's offer, but his solicitation and offer constitutes an attempt to violate § 1591.

43. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered emotional distress, humiliation, mental anguish, loss of dignity, and loss of earnings and earning capacity.

44. Pursuant to 18 U.S.C. § 1595, Plaintiff is entitled to recover compensatory and punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for: Compensatory damages; Punitive damages; Reasonable attorneys' fees and costs; and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

**Respectfully submitted,**

/s/ Ronald W. Fraley
Ronald W. Fraley
Florida Bar No. 0747025
The Fraley Firm, P.A.
412 E. Madison Street, Suite 813
Tampa, Florida 33602
Email: rfraley@fraleylawfirm.com
Tel: (813) 229-8300
Attorney for Plaintiff